UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==========================================X
REBECCA S. SHANKS,

              Plaintiff,

        -against-

UNITED STATES OF AMERICA, PETER ODIN and
CONMUR CAB CORP.,

             Defendants.
==========================================X

JUDGE JONES

07 CIV 7253
CIVIL ACTION NO.

**COMPLAINT and JURY DEMAND**

RECEIVED
AUG 1 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

    Plaintiff, REBECCA S. SHANKS, by and through her attorney, STEVEN B. KAUFMAN, as and for her Complaint against the defendants, UNITED STATES OF AMERICA, PETER ODIN and CONMUR CAB CORP., hereby respectfully alleges the following upon information and belief:

### PARTIES

    1.    That the plaintiff, REBECCA S. SHANKS, is a citizen of the State of New Jersey, and is domiciled in Ocean County, New Jersey.

    2.    That the defendant, PETER ODIN is a citizen of the State of New York, and is domiciled in New York County, State of New York.

    3.    That the defendant, CONMUR CAB CORP. is a New York State corporation duly incorporated under the laws of the State of New York.

    4.    That the defendant, CONMUR CAB CORP., maintains its principal place of business in Queens County, State of New York.

    5.    That the defendant, CONMUR CAB CORP. is a citizen of the State of New York, domiciled in Queens County, State of New York.

    6.    That the United States Postal Service is an agency of the defendant, UNITED

STATES OF AMERICA.

## JURISDICTION and PREREQUISITES

7.      Jurisdiction of this action as to the plaintiff's claim against defendant, UNITED STATES OF AMERICA, is established by the Federal Tort Claims Act, 28 U.S.C. Section 1346 (b), 2671 et seq., et al.

8.      The plaintiff has complied with all prerequisites to a suit under the Federal Tort Claims Act in that:

a. On September 15, 2006 the plaintiff timely filed an administrative claim for the matters in dispute in this action in the amount of $20,000,000.00 with the United States Postal Service, New York District, see Exhibit A annexed hereto.

b. The defendant, UNITED STATES OF AMERICA, by and through its agency, the United States Postal Service denied plaintiff's administrative claim and on February 28, 2007 mailed its notice of denial, see Exhibit B annexed hereto.

9.      Jurisdiction of this action as to the plaintiff's claim against the defendants, PETER ODIN and CONMUR CAB CORP. is established by 28 U.S.C. Section 1332, diversity jurisdiction. Said claim is in excess of $75,000.00

## CAUSE OF ACTION

10.     That the plaintiff repeat and realleges the allegations set forth in paragraphs "1" through 9, with the same force and effect as if fully set forth herein.

11.     That on September 27, 2004, and at all other times mentioned herein, the UNITED STATES OF AMERICA through its agency the United States Postal Service was the owner of a 1991 Ford Truck bearing license Plate number 1870689.

12. That on September 27, 2004, and at all other times mentioned herein, the UNITED STATES OF AMERICA through its agency the United States Postal Service supervised the aforesaid motor vehicle with license plate No. 1870689.

13. That on September 27, 2004, and at all other times mentioned herein, the UNITED STATES OF AMERICA through its agency the United States Postal Service controlled the foresaid motor vehicle with license plate No. 1870689.

14. That on September 27, 2004, Michael Berlianshik, was the operator of the aforesaid motor vehicle owned by the defendant the UNITED STATES OF AMERICA through its agency the United States Postal Service with license plate No. 1870689.

15. That on September 27, 2004, Michael Berlianshik, was an employee of the defendant the UNITED STATES OF AMERICA through its agency the United States Postal Service.

16. That on September 27, 2004, Michael Berlianshik, operated the aforesaid motor vehicle, owned by the defendant the UNITED STATES OF AMERICA through its agency the United States Postal Service with license plate No. 1870689, within the scope of his employment with the defendant the UNITED STATES OF AMERICA through its agency the United States Postal Service.

17. That at all times hereinafter mentioned, Michael Berlianshik, operated the aforesaid motor vehicle with the permission and consent of the defendant the UNITED STATES OF AMERICA through its agency the United States Postal Service with license plate No. 1870689.

18. That on September 27, 2004, and at all other times mentioned herein, the defendant, CONMUR CAB CORP., owned a 2002 Ford Taxi Cab with New York State license plate No. 1P50-C.

19. That at all times mentioned herein, the defendant, CONMUR CAB CORP., maintained the aforesaid motor vehicle with New York plate No. 1P50-C.

20. That at all times mentioned herein, the defendant, PETER ODIN, was the operator of the aforesaid motor vehicle with New York plate No. 1P50-C.

21. That at all times mentioned herein, the defendant, PETER ODIN, operated the aforesaid motor vehicle with the permission and consent of the defendant, CONMUR CAB CORP.

22. That at all times mentioned herein, the defendant, PETER ODIN, controlled the aforesaid motor vehicle.

23. That at all times mentioned herein, the defendant, PETER ODIN, maintained the aforesaid motor vehicle.

24. That at all times mentioned herein, the plaintiff, REBECCA S. SHANKS was the passenger in the aforesaid vehicle owned by defendant, CONMUR CAB CORP. and operated by, defendant, PETER ODIN.

25. That all times mentioned herein East 46th was and still is a public highway, street and/or thoroughfare in the County of New York, City and State of New York.

26. That at times mentioned herein Park Avenue was and still is a public highway, street and/or thoroughfare in the County of New York, City and State of New York.

27. That on September 27, 2004 at approximately 10:15 a.m. the aforementioned taxi owned by defendant, CONMUR CAB CORP., operated by defendant, PETER ODIN, was traveling in an eastbound direction on East 46th St.

28. That on September 27, 2004 at approximately 10:15 a.m. the aforementioned Ford truck owned by the defendant, UNITED STATES OF AMERICA, through its agency the United States Postal Service, operated by Michael Berlianshik, was traveling in an eastbound direction on East 46th St.

29. That on September 27, 2004 at approximately 10:15 a.m. at or near the intersection of East 46th St. and Park Avenue, New York, New York the aforementioned vehicles came into contact.

30. That immediately prior to the contact the aforementioned Ford truck owned by the defendant, UNITED STATES OF AMERICA, through its agency the United States Postal Service, and operated by Michael Berlianshik turned its vehicle towards the right.

31. That the aforesaid occurrence and the injuries and damages resulting therefrom were caused wholly and solely by reason of the negligence, carelessness and recklessness of the defendants, UNITED STATES OF AMERICA, PETER ODIN and CONMUR CAB CORP., in the ownership, operation, management, maintenance, supervision and control of their motor vehicles; in failing to yield the right of way; in failing and omitting to have and to maintain their motor vehicles under reasonable and proper control and in mismanaging same; in operating their motor vehicle at a high dangerous and unlawful rate of speed under the circumstances then and there existing; in striking the each others vehicle; in failing to observe and obey the traffic signals and signs then and there existing; in failing to observe the road, other vehicles and pedestrians thereon; in representing a danger for lawful vehicles thereat; in failing and omitting

to make proper use of adequate steering and braking apparatus; in failing and omitting to maintain said steering and braking apparatus in good repair; in failing and omitting to make the approach of their motor vehicle known by the use of the horn; in failing and omitting to observe and obey the rules, regulations, ordinances, codes and statutes relating to motor vehicle traffic; and the defendants, UNITED STATES OF AMERICA, PETER ODIN and CONMUR CAB CORP. were otherwise negligent, careless and reckless.

32.    That at all times hereinafter mentioned, the plaintiff, REBECCA S. SHANKS, was free of any negligence contributing thereto.

33.    That the limitations in CPLR § 1602 are inapplicable to the instant matter due to the exception under CPLR § 1602 (6).

34.    That solely as a result of the aforementioned accident, the plaintiff, REBECCA S. SHANKS, has sustained serious injuries as defined in Section 5102 (D) of the Insurance Law, as well as economic loss greater than "Basic economic loss", as defined in Section 5102 (A) of the Insurance Law, and this action is being brought pursuant to the applicable No Fault provisions of the Insurance Law of the State of New York.

35.    That solely as a result of the aforesaid occurrence, the plaintiff sustained severe serious permanent personal injuries to her body, including but not limited to traumatic brain injury, was rendered sick, sore lame and disabled; was caused to undergo the pain and expense of medical care and attention; and was otherwise injured.

36.    That by reason of the foregoing and the negligence of defendants, UNITED STATES OF AMERICA, PETER ODIN and CONMUR CAB CORP. the plaintiff, REBECCA S. SHANKS, was damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

Dated: New York, New York
      August 14, 2007

                    Yours truly,

                    STEVEN B. KAUFMAN (6568)
                    Attorney for Plaintiff
                    225 Broadway, Suite 2005
                    New York, New York 10007
                    (212) 564-9633

## INDIVIDUAL VERIFICATION

**STATE OF NEW YORK** ) ss. :
                      )
**COUNTY OF NEW YORK** )

_Rebecca Shanks_, being duly sworn, says I am the plaintiff in the within action. I have read the foregoing _Complaint_ and I know the contents thereof. The same is true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believed them to be true.

_____

Sworn to before me this
_14th_ day of _August_, _2007_

_____
NOTARY PUBLIC

Steven B. Kaufman
Notary Public State of New York
No. 02K 4862330
Qualified in New York County
Commission Expires 05/19/20__

**Exhibit A**

*John Zerberini, Spouse Transferable of Plaintiff*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: United States Postal Service New York District Elizabeth Jackson, Tort Claims Coordinator 201 11th Avenue New York, New York 10199-9331 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Rebecca Shanks, Claimant / Steven B. Kaufman, Attorney at Law, 651 Anderson Road, Jackson, NJ 08527 / 225 Broadway, Suite 2005, New York, NY 10007 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 10/27/1960 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT 9/27/2004  Monday | 7. TIME (A.M. OR P.M.) 10:15 A.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Rebecca Shanks was a rear seat passenger, in a New York City Taxi Cab, New York State License Plate NO. 1P50-C, on 9/27/2004 at approximately 10:15 a.m. The vehicle was owned by Conmur Cab Corp. and operated by Peter Odin. The vehicle was being operated in an eastbound direction on East 46th St. at or near its intersection with Park Avenue when it came into contact with a truck owned by the United States Postal Service, License Plate no. 1870689 and operated by Michael Berlianshik. The United States Postal truck was traveling in an eastbound direction on East 46th street in the left lane when it attempted to make a right turn from East 46th Street onto Park Avenue and collided with the aforementioned taxi which was proceeding in the right lane eastbound on East 46th Street. (The New York City Police Report is included as Exhibit 2 in the bound looseleaf submitted herewith).

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Claimant sustained severe, permanent, disabling injuries to her head, jaw, back, brain, eyes, shoulders, nerves, arms, wrists, and extremeties, amongst others. A partial list of claimant's medical diagnoses and supporting medical documentation is included in the bound loose leaf submitted herewith. Certain Medical bills have been paid by No-Fault Insurance and by the U.N., claimant's employer.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
|  |  |

12. (See instructions on reverse.)   AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY $20,000,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $20,000,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) [signature] | 13b. Phone number of person signing form 732 276-6853 | 14. DATE OF SIGNATURE 9/14/2006 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

[Stamp: U.S.P.S. ACCIDENT & CLAIMS, MANHATTAN NY, 10199-9721, 2006 SEP 15 AM 11:42]

| INSURANCE COVERAGE | | |
|---|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. | | |
| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No | | |
| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?<br>☐ Yes<br>☒ No    Full Coverage ☐    Deductible ☐ | | 17. If deductible, state amount. |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)<br>Not applicable | | |
| 19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No | | |

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95    BACK

Exhibit B

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

**CERTIFIED NO. 70053110000357285106**
**RETURN RECEIPT REQUESTED**

February 28, 2007

Mr. Steven B. Kaufman
Attorney at Law
225 Broadway, Suite 2005
New York, NY 10007

RE:  Your Client:      Rebecca Shanks
     Date of Incident: September 27, 2004

Dear Mr. Kaufman:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about September 27, 2004.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees. While we regret any injury that may have occurred, we cannot accept legal liability for these alleged damages. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or

P. O. BOX 66640
ST. LOUIS, MO  63166-6640
TEL: 314/872-5120
FAX: 314/872-5193

- 2 -

legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*Kimberly A. Herbst*

Kimberly A. Herbst
Tort Claims Examiner/Adjudicator

cc:   John Zerbarini
      Tort Claims Coordinator
      File No. 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B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No.

REBECCA S. SHANKS,

Plaintiff,

-against-

UNITED STATES OF AMERICA, PETER ODIN AND CONMUR CAB CORP.

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**STEVEN B. KAUFMAN**
**Attorneys for Plaintiff**
**225 Broadway, Suite 2005**
**New York, New York 10007**
**212-564-9633**

**PLEASE TAKE NOTICE:**

### NOTICE OF ENTRY

that the within is a (certified) true copy of an                duly entered in the office of the clerk of the within named Court on

### NOTICE OF SETTLEMENT

that an                                          of which the within is a true copy, will be present for settlement to the Hon.                         one of the judges of the within named Court at
                on           at

DATED:    NEW YORK, NEW YORK

TO:

Yours, etc.
STEVEN B. KAUFMAN
Attorneys for Plaintiff
225 Broadway, Suite 2005
New York, New York 10007
212-564-9633