MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734
Fax: (212) 637-2686

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x

REBECCA S. SHANKS,

           Plaintiff,

  -v -

UNITED STATES OF AMERICA, PETER ODIN, and
CONMUR CAB CORP.,

           Defendants.

------------------------------------------------------------------------ x

07 Civ. 7253 (BSJ)(HBP)
ECF Case

**ANSWER OF DEFENDANT THE UNITED STATES OF AMERICA**

       Defendant the United States of America (the "Government"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint in the above-captioned action on information and belief as follows:

       1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

       2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

       3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

       4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Admits the allegations in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint consists solely of conclusions of law or plaintiff's characterization as to the jurisdictional basis of her claim against the Government as to which no response is required. To the extent that a response is required, the Government denies the allegations in paragraph 7.

8. The first sentence of paragraph 8 of the Complaint states a conclusion of law to which no response is required;

   a. Denies allegations in sub-section "a" in paragraph 8 of the Complaint, except admits that plaintiff filed an SF-95 form with the United States Postal Service (the "USPS") on or about September 15, 2006 claiming damages in the amount of $20,000,000;

   b. Denies allegations in sub-section "b" in paragraph 8 of the Complaint, except admits that, on or about February 28, 2007, the USPS denied the SF-95 form filed by plaintiff on or about September 15, 2006.

9. Paragraph 9 of the Complaint consists solely of conclusions of law or plaintiff's characterization as to the jurisdictional basis of her claim against the other defendants as to which no response by the Government is required.

10. The Government repeats and incorporates paragraphs 1 through 9 of its Answer.

11. Admits the allegations in paragraph 11 of the Complaint.

12. Admits the allegations in paragraph 12 of the Complaint.

13. Admits the allegations in paragraph 13 of the Complaint.

14. Admits the allegations in paragraph 14 of the Complaint.

15. Admits the allegations in paragraph 15 of the Complaint.

16. Denies allegations in paragraph 16 of the Complaint, except admits that on September 27, 2004, Michael Berlianshik operated a vehicle with license plate no. 1870689 while transporting mail.

17. Admits the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Admits the allegations in paragraph 25 of the Complaint.

26. Admits the allegations in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Admits the allegations in paragraph 28 of the Complaint.

29. Admits the allegations in paragraph 29 of the Complaint.

30. Denies the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint to the extent they consist of factual allegations as to the conduct of the Government's agencies, agents or employees; denies knowledge or information sufficient to form a belief as to the truth of the factual allegations as to the conduct of the other defendants; the remaining allegations in paragraph 31 state conclusions of law as to which no response is required, but to the extent that a response is required, the Government denies the allegations as to its conduct and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other defendants.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint consists solely of conclusions of law as to which no response is required. To the extent that a response is required, the Government denies the allegations in paragraph 33.

34. Paragraph 34 of the Complaint consists solely of conclusions of law or plaintiff's characterization as to the nature of her claims as to which no response is required. To the extent that a response is required, the Government denies the allegations in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint pertaining to the severity of plaintiff's injuries; the remaining allegations in paragraph 35 consist of plaintiff's characterization as to the nature and cause of her current conditions to which no response is required, but to the extent that a response is required, the Government denies the allegations as to its conduct and denies knowledge or

information sufficient to form a belief as to the truth of the allegations as to the conduct of the other defendants.

    36.    Denies the allegations in paragraph 36 of the Complaint to the extent that they concern the Government; denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

FIRST DEFENSE

This Court lacks subject matter jurisdiction over any claim in the complaint against the Government that has not been presented administratively.

SECOND DEFENSE

Neither the Government nor any of its agencies, employees or agents was negligent, at fault or acted with want of due care in regard to the events alleged in the Complaint.

THIRD DEFENSE

Any injuries or damages alleged in the Complaint were caused in whole or in part to the negligence or other acts of third parties over whom the Government exercised no control, and any recovery must be proportionately reduced.

FOURTH DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of any of the Government's agencies, employees or agents.

FIFTH DEFENSE

In the event that the Government is found to be negligent, which negligence the Government denies, any recovery must be proportionately reduced on account of the negligence or other culpable conduct of the plaintiff, including the failure to avail herself of seatbelt,

shoulder harness and other safety devices and thereby causing or aggravating the injuries alleged, contributed to her alleged injuries.

SIXTH DEFENSE

Plaintiff is not entitled to recovery to the extent that any alleged damages or losses were due to her failure to mitigate.

SEVENTH DEFENSE

New York Comprehensive Motor Vehicle Insurance Reparations Act, N.Y. Ins. L. §§ 5101-08, bars recovery for plaintiff's alleged injuries and damages. Plaintiff may not recover for economic loss because she has not sustained such losses greater than "basic economic loss," *see* N.Y. Ins. L. §§ 5102(a), 5104(a); further, plaintiff may not recover for non-economic loss because she have not sustained serious injuries as defined under N.Y. Ins. L. §§ 5102(a), 5104(a), *see id*.

EIGHTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. CPLR § 4545(c).

NINTH DEFENSE

Plaintiff's recovery, if any, is limited by the joint liability statute, N.Y. CPLR § 1601(1).

TENTH DEFENSE

Plaintiff's recovery, if any, is limited to the amount claimed administratively. *See* 28 U.S.C. § 2675.

ELEVENTH DEFENSE

Plaintiff's recovery, if any, is limited by provisions of The Federal Tort Claims Act. *See* 28 U.S.C. § 2679.

## TWELFETH DEFENSE

To the extent plaintiff may seek attorney's fees, the Federal Tort Claims Act bars the award of attorney's fees for claims asserted in the Complaint. *See* 28 U.S.C. § 2412.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to a jury trial as to her claim(s) against the Government under the Federal Tort Claims Act. *See* 28 U.S.C. § 2412.

WHEREFORE, the Government demands judgment dismissing the complaint and granting such further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
       November 19, 2007

                                    MICHAEL J. GARCIA
                                    United States Attorney
                                    Attorney for Defendant

                              By:   s/ Li Yu
                                    LI YU
                                    Assistant United States Attorney
                                    Tel.: (212) 637-2734
                                    Fax: (212) 637-2686

TO:   Steven B. Kaufman, Esq.
      225 Broadway, Suite 2005
      New York, NY 10007
      *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

     I, Li Yu, an Assistant United States Attorney for the Southern District of New York, hereby certify that, on November 19, 2007, I caused a copy of the foregoing Answer of Defendant the United States of America in *Rebecca S. Shanks v. United States of America, et. al.*, 07 Civ. 7253 (BSJ)(HBP) to be served, by First-Class Mail, upon counsel for plaintiffs at:

     Steven B. Kaufman, Esq.
     225 Broadway, Suite 2005
     New York, NY 10007


Dated: New York, New York
       November 19, 2007


                                                   <u>s/ Li Yu</u>
                                                   LI  YU
                                                   Assistant United States Attorney